

Roosevelt Marsh III
NAME

P-44368
PRISON NUMBER

Centinela State Prison
CURRENT ADDRESS OR PLACE OF CONFINEMENT

Imperial, CA 92251
CITY, STATE, ZIP CODE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Roosevelt Marsh III,
(FULL NAME OF PETITIONER)
                    PETITIONER

v.

V. M. Almager, Warden,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])
                    RESPONDENT
and

_____,
The Attorney General of the State of
California, Additional Respondent.

Civil No. '08 CV 1067 W CAB
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: San Diego Superior Court, East County Division

2. Date of judgment of conviction: November 15, 2001

3. Trial court case number of the judgment of conviction being challenged: SCE213743

4. Length of sentence: 16 years

5. Sentence start date and projected release date: Start date ?; Projected release date, 2015

6. Offense(s) for which you were convicted or pleaded guilty (all counts): Assault with force likely to cause great bodily injury

7. What was your plea? (CHECK ONE)
    (a) Not guilty        ☑
    (b) Guilty            ☐
    (c) Nolo contendere   ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
    (a) Jury        ☑
    (b) Judge only  ☐

9. Did you testify at the trial?
    ☐ Yes  ☑ No

**DIRECT APPEAL**

10. Did you appeal from the judgment of conviction in the <u>California Court of Appeal</u>?
    ☑ Yes  ☐ No

11. If you appealed in the <u>California Court of Appeal</u>, answer the following:
    (a) Result: Affirmed in part / Reversed in part
    (b) Date of result, case number and citation, if known: Unknown

    (c) Grounds raised on direct appeal: 1.) Tr. Ct. Failed To Instruct on Applicable Principles re. Accomplice Testimony. 2.) Jury's Finding That Victim Was 60yrs or Older Must Be Stricken Because It Wasn't Supported By Substantial Evidence. (Reversed)

12. If you sought further direct review of the decision on appeal by the <u>California Supreme Court</u> (e.g., a Petition for Review), please answer the following:
    (a) Result: Review Denied
    (b) Date of result, case number and citation, if known: Unknown

    (c) Grounds raised: Trial Court Failed To Instruct On Applicable Principles re. Accomplice Testimony

13. If you filed a petition for certiorari in the <u>United States Supreme Court</u>, please answer the following with respect to that petition:
    (a) Result: ___N/A___
    (b) Date of result, case number and citation, if known: ___N/A___
    (c) Grounds raised: ___N/A___

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Superior Court</u>?
    ☑ Yes  ☐ No

15. If your answer to #14 was "Yes," give the following information:
    (a) <u>California Superior Court</u> Case Number: EHC 560/ SCE213743
    (b) Nature of proceeding: Petition For Writ Of Habeas Corpus
    (c) Grounds raised: 1) Petitioner's 6th & 14th Amend. Rights Were Violated By Tr. Ct. When It Sentenced Petitioner In Excess Of Relevant Statutory Maximum; 2) Petitioner's 6th Amend. Right To Effective Assistance of Counsel On Appeal For Failing To Raise Meritorious Claim Regarding Unconstitutional Sentence
    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☑ No
    (e) Result: Denied
    (f) Date of result: April 19, 2007

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Court of Appeal</u>?
    ☑ Yes  ☐ No

17. If your answer to #16 was "Yes," give the following information:
    (a) <u>California Court of Appeal</u> Case Number: D050863
    (b) Nature of proceeding: Petition For Writ Of Habeas Corpus
    (c) Grounds raised: Same As In Superior Court

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☑ No
    (e) Result: Denied
    (f) Date of result: July 31, 2007

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
    ☑ Yes  ☐ No

19. If your answer to #18 was "Yes," give the following information:
    (a) <u>California Supreme Court</u> Case Number: S155873
    (b) Nature of proceeding: Petition For Writ Of Habeas Corpus
    (c) Grounds raised: Same As In Superior Court

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☑ No
    (e) Result: Denied
    (f) Date of result: March 12, 2008

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the <u>California Supreme Court</u>, containing the grounds raised in this federal Petition, explain briefly why you did not:

N/A

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    ☑ Yes ☐ No  (IF "YES" SKIP TO #22)
    (a) If no, in what federal court was the prior action filed? _____
        (i) What was the prior case number? _____
        (ii) Was the prior action (CHECK ONE):
            ☐ Denied on the merits?
            ☐ Dismissed for procedural reasons?
        (iii) Date of decision: _____
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
        ☐ Yes ☐ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        ☐ Yes ☐ No

---

CAUTION:
- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: Petitioner's 6th And 14th Amendment Rights Were Violated By The Trial Court When It Sentenced Petitioner To A Sentence In Excess Of The Relevant Statutory Maximum

Supporting FACTS (state *briefly* without citing cases or law) At petitioner's sentencing, the court held that the victim was "extremely vulnerable," in discussing aggravating factors. It also used the fact that, at the time, petitioner was "on parole." These terms in aggravation were used to impose the upper term of 8 years, as well as in denial of petitioner's motion to dismiss/strike the prior strike. California law states that juries, not judges, must find circumstances in aggravation to impose a sentence in excess of the relevant statutory maximum. It is the middle term prescribed under California law, not the upper term, that is the statutory maximum. Therefore, petitioner's sentence is unconstitutional, as it violates the 6th And 14th Amendments' rights to a jury trial. That being factually true, petitioner's unconstitutional upper-term sentence must be reversed, and the case remanded for resentencing under the statutory maximum, which is the middle term.

Did you raise GROUND ONE in the California Supreme Court?
☑ Yes ☐ No.

(b) **GROUND TWO**: Petitioner's 6th Amendment Right To Effective Assistance Of Counsel On Appeal Was Violated When Counsel Failed To Raise Meritorious Claim Regarding Unconstitutional Sentence

Supporting FACTS (state *briefly* without citing cases or law): As suggested by the San Diego Superior Court, in regards to issue one, petitioner has raised this claim concerning appellate counsel's failure to assert the unconstitutional sentence claim. The issue at hand had been addressed during the U.S.S.Ct.'s ruling in Apprendi. This ruling was issued before petitioner's direct appeal, so appellate counsel was negligent in failing to address it when it would have benefited petitioner most effectively. It is evident from the Superior Court's response to petitioner's writ that had counsel raised the issue on direct appeal, relief would have been granted. (See Superior Court's Order Denying Petition For Writ Of Habeas Corpus, page 3, Lns. 11-21; signed by David J. Danielsen, Judge Of The Super.Ct.) Based on the proceeding facts, this issue warrants relief in the form of either reversal or order of a new direct appeal.

Did you raise GROUND TWO in the California Supreme Court?
☑ Yes ☐ No.

(c) **GROUND THREE**: Petitioner's Due Process Rights Were Violated when Insufficient Evidence was Used To Support Conviction In Violation Of California Const., Art. 1, §15, And The 14th Amendment.

Supporting FACTS (state *briefly* without citing cases or law): Petitioner was charged and convicted of attacking an elderly man in an act of revenge for an attack committed by the elderly man on petitioner's minor female relative. No witnesses were available to the alleged attack by petitioner. There existed conflicting testimony in regards to the details of the incident. Also, one witness who claimed to have seen part of the incident charged to petitioner, stated he saw the assailant leave the crime scene with a white female. (RT 250-51.) The "white female" testified that she left the area with her boyfriend. Her boyfriend was not petitioner. Her "boyfriend" testified that his girlfriend was with him during the attack, yet petitioner shouldered the blame for their actions during and after the attack. All in all, there existing no corroborative testimonial evidence linking petitioner with the actions attributed to him. The circumstantial evidence presented was based on presumption not fact. Reversal is warranted.

Did you raise GROUND THREE in the California Supreme Court?
☒ Yes ☐ No.

(d) **GROUND FOUR**: Petitioner's 5th Amendment Due Process Rights Were Violated When Unreliable I.D. Evidence Was Admitted And Used In Securing The Verdict Of Guilt.

Supporting FACTS (state *briefly* without citing cases or law): The main piece of evidence linking petitioner to the offense was the description of a red Hawaiian shirt given by several witnesses, none which actually witnessed the offense. In fact, there were several descriptions of the "shirt" allegedly worn by petitioner. (RT 72, 89, 93, 108.) Even when the description of the shirt was somewhat consistent, some witnesses claimed the [suspected] assailant was wearing a black doo-rag (RT 93), another saw him wearing a red bandana, while another, the man who testified to being right next to petitioner while petitioner allegedly attacked the elderly man, claimed petitioner wore a white derby. (RT 127.) Mr. Ford, the witness who claimed to have witnessed the attack, testified that the red shirt presented in court looked like the one petitioner wore on the day of the attack. (RT 126) However, he also admitted he told investigators petitioner was wearing a black shirt. (RT 137) Ford's testimony was totally inconsistent with every other witness at the crime scene. Ford was only sure he saw petitioner commit the assault and only his girlfriend, Ms. Elwood, corroborated that. It should not be overlooked that no pretrial lineup of any kind was conducted. (RT 239.) With no positive pretrial identification, and only contradictory, unreliable identification testimony admitted at trial, the conviction should be reversed due to unreliable identification evidence.

Did you raise GROUND FOUR in the California Supreme Court?
☑ Yes ☐ No.

(e) Ground Five: Petitioner's 6th And 14th Amendment Rights To Effective Assistance Of Counsel Were Violated By His Trial Counsel's Failure To Object To The Admission Of Hearsay Testimony And His Failure To Produce Exculpatory Evidence..

Supporting Facts: A witness for the People, Officer Sean Sayre, testified that a "woman with a ponytail" was yelling at the man who hit the victim. (RT 248.) There was no objection to this hearsay evidence. The testimony given by Officer Sayre was not supported by facts in evidence. The statement was attributed to witness Vinson Hallak who, on cross, admitted to not seeing anyone hit the victim. (RT 277.) There existed within the prosecutor's case file exculpatory evidence in the form of a statement made by Mr. Ford's son. Ford's son told an El Cajon detective that his "Dad beat the man who pulled his sister's hair and kicked his friend." (CT 55.) That statement was not introduced into evidence. Ford's son was not called to testify, nor was the implication [of] his statement investigated. The failure to present this evidence deprived petitioner of an effective defense and left the jury without adequate information to make an accurate determination of the facts surrounding the charge. Defense counsel failed to use the evidence available to present the best defense possible for his client, in violation of the 6th Amendment protection against ineffective legal representation, warranting reversal of the convictions.

This claim was presented to the California Supreme Court.

(f) Ground Six: The Trial Court's Failure To Instruct The Jury On The Applicable Principles Regarding Accomplice Testimony Requires The Reversal Of Petitioner's Conviction.

Supporting Facts: Defense counsel argued in closing argument that the jury should not convict because the People's case depended on the credibility of Ford and his girlfriend (Elwood). (RT 401-13.) The trial court committed reversible error by failing to instruct the jury on the principles of law regarding accomplice testimony with the respect to those two witnesses. The jury heard more than enough evidence to support the conclusion that Ford and Elwood were liable for the same offense charged to petitioner. Elwood knew that both Ford and petitioner were angry. She knew that Ford wanted to hit the victim. (RT 71, 79-80, 87.) Ford stated he wanted to hit the man who hurt his daughter. (RT 132.) Ford and Elwood left their residence with the intent to "confront" the victim. (RT 60.) Ford donned gloves as he was going out. (RT 71.) Elwood stated she could have hit "him" if she had reached him first. (RT 79.) She "felt" the victim "deserved" something for kicking Karen in the face. (RT 79.) That evidence is more than sufficient to support an inference that Ford's purpose was either to commit the act, or to aid and abet it, thus making him an accomplice. Ford's conduct during the incident made him liable as an accomplice. The trial court's failure to instruct the jury accordingly requires reversal.

This claim was presented to the California Supreme Court.

(g) Ground Seven: Petitioner Was Deprived The Right To Effective Assistance Of Appellate Counsel When Counsel failed To Raise All Pertinent Meritorious Issues On Direct Appeal, In Violation Of The 6th And 14th Amendments.

Supporting Facts: Petitioner's appellate counsel refused to raise several meritorious issues, stating to petitioner, "Raise them yourself on habeas corpus." So, following the advice of his appellate counsel, petitioner submitted the additional issues found herein. Petitioner requests of this Honorable Court that this petition be granted and his case remanded for new direct appeal, or it be granted on the merits outlined in the issues of this habeas petition.

This Claim was presented to the California Supreme Court.

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
    ☐ Yes  ☑ No

24. If your answer to #23 is "Yes," give the following information:
    (a) Name of Court: _____
    (b) Case Number: _____
    (c) Date action filed: _____
    (d) Nature of proceeding: _____
    _____
    (e) Grounds raised: _____
    _____
    _____
    _____
    _____

    (f) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☐ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing: _____unknown_____
    (b) At arraignment and plea: _____unknown_____
    (c) At trial: _____unknown_____
    (d) At sentencing: _____unknown_____
    (e) On appeal: _____unknown_____
    (f) In any post-conviction proceeding: _____In Pro Se_____
    (g) On appeal from any adverse ruling in a post-conviction proceeding: _____In Pro Se_____

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes ☑ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes ☑ No

    (a) If so, give name and location of court that imposed sentence to be served in the future:
    _____

    (b) Give date and length of the future sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    ☐ Yes ☑ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court: _____

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

___6-7-08___                    ___Roosevelt Marsh III___
(DATE)                          SIGNATURE OF PETITIONER

## VERIFICATION

STATE OF CALIFORNIA ) On this day, Listed Court Pleadings Were Given
COUNTY OF IMPERIAL ) To Prison Official For Filing/Mailing
( C.C. P. §446 & 2015.5; 28 U.S.C. §1746 )

I, **Roosevelt Marsh III**, declare under penalty of perjury that I am the **Petitioner** in the above-entitled action; I have read the foregoing documents and know the contents thereof; and the same is true of my own knowledge except as to matters stated therein upon information and belief, and as to those matters, I believe they are true:

Executed this ____ day of **6·7·08**, 2008, at Centinela State Prison, P.O. Box **901**, Imperial, CA 92251.

[Signature] **Roosevelt Marsh III**
DECLARANT/~~PRISONER~~

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PROOF OF SERVICE BY MAIL
( C.C.P. Sec. §1013 (a) & 2015.5; 28 U.S.C. Sec. §1746.)

I, **Keith A. Chambers**, am a resident of Centinela State Prison in the County of Imperial, State of California; I am over the age of eighteen (18) years and am not a party of the above-entitled action. My state prison address is:

**K-23776 P.O. Box 901**, Imperial, CA 92251.

On **6·7·08**, 2008. I served the foregoing:

**Petition For Writ Of Habeas Corpus In District Court, Southern District**

(Set forth the exact title of document (s) served.)

on the part (s) herein by placing a true copy (s) thereof, enclosed in a sealed envelope (s), with postage thereon fully paid, in the United States Mail, in a deposit box so provided at Centinela State Prison, P.O. Box **901**, Imperial, CA 92251, addresses:

U.S. District Court, So. Dist.
Clerk of The Court
880 ~~Front~~ Street, Room 9290
San Diego, CA. 92101-8900

There is delivery service by United States Mail at the so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed. I declare under penalty of perjury that the foregoing is true and correct.

Dated: **6·7·08**, 2008

*Keith A. Chambers*

JS-44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Roosevelt Marsh III

**DEFENDANTS**

V. M. Almager

FILED
JUN 16 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Imperial
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Roosevelt Marsh III
PO Box 901
Imperial, CA 92251
P-44368

ATTORNEYS (IF KNOWN)

'08 CV 1067 W CAB

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

28 U.S.C. 2254

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectmant | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $   Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE   Docket Number

DATE   6/16/2008

SIGNATURE OF ATTORNEY OF RECORD
R Marsh

FILING FEE PAID
Yes ___ No ✓
IFP MOTION FILED
Yes ___ No ✓
COPIES SENT TO
Court ✓  Pro Se ___

2254