UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOSEVELT MARSH III,<br><br>                              Petitioner,<br><br>      v.<br><br>V.M. ALMAGER, Warden,<br><br>                              Respondent. | Civil No.   08cv1067 W (CAB)<br><br>**REPORT AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS THE PETITION**<br>**[Doc. No. 10.]** |

## I. INTRODUCTION

Petitioner Roosevelt Marsh III, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On October 14, 2008, Respondent filed a motion to dismiss the Petition as untimely. Respondent also moved to dismiss Ground Three of the petition as procedurally defaulted. On November 7, 2008, Petitioner filed his opposition. The Court has considered the Petition, Respondent's motion to dismiss, Petitioner's opposition, and all the supporting documents submitted by the parties. Based upon the documents and evidence presented in this case, and for the reasons set forth below, the Court recommends the motion be **GRANTED** and the Petition be **DISMISSED WITH PREJUDICE** as untimely. Because the Court finds the Petition to be barred by the applicable statute of limitations, it does not reach the issue of whether Ground Three is procedurally defaulted.

///

///

## II. BACKGROUND

On November 14, 2001, a San Diego County jury found Petitioner guilty of assault, in violation of California Penal Code § 245(a)(1), with a further finding that Petitioner personally inflicted great bodily injury on the victim, within the meaning of Penal Code § 12022.7(a). (Clerk's Transcript at 99.) Petitioner admitted a strike, a serious felony prior, and a prison prior. (CT at 100.) Petitioner was sentenced to sixteen years in state prison. (CT at 83.)

Petitioner filed a direct appeal in the California Court of Appeal, Fourth Appellate District, Division One, which was denied on January 22, 2003. (Lodgment No. 5.) Petitioner subsequently filed a petition for review with the California Supreme Court, which was denied on April 30, 2003. (Lodgment No. 7.)

On December 10, 2003, Petitioner filed a state habeas petition in San Diego Superior Court. (Opposition, Exhibit A.) The Superior Court denied the petition on January 8, 2004. (*Id*.) On November 1, 2004, Petitioner filed a state habeas petition in the California Court of Appeal, Fourth Appellate District, Division One. (Lodgment No. 8.) The Court of Appeal denied the petition on December 7, 2004. (Lodgment No. 9.) On January 5, 2005, Petitioner attempted to file a state habeas petition before the California Supreme Court, but it was rejected due to lack of an original signature. (Lodgment No. 10.) It is unclear when the petition was re-filed, but it was summarily denied by the California Supreme Court on March 15, 2006. (Lodgment No. 11.)

On April 27, 2006, Petitioner filed a federal habeas petition in a separate case. A court " 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.' " *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir.2007). Here, the Court takes judicial notice that Petitioner's first federal petition, filed on April 27, 2006, was dismissed without prejudice on May 11, 2006, for failure to pay the requisite filing fee. *See Marsh v. Giurbino*, S.D. Cal. Civil Case No. 06cv961 WQH (LSP). Petitioner apparently withdrew $5.00 from his trust account, but never actually paid the filing fee and the case remained closed. *See id.*

On February 28, 2007, Petitioner commenced a second round of state collateral review when he filed a state habeas petition in San Diego Superior Court. (Lodgment No. 12.) The Superior Court denied the petition on April 19, 2007. (Lodgment No. 13.) On May 10, 2007, Petitioner submitted a

state habeas petition in the California Court of Appeal, Fourth Appellate District, Division One. (Lodgment No. 14), which was denied on July 31, 2007, (Lodgment No. 15). On August 26, 2007, Petitioner filed a state habeas petition in the California Supreme Court, (Lodgment No. 16), which was denied on March 12, 2008, (Lodgment No. 17). The instant federal petition was filed on June 7, 2008.

### III. DISCUSSION

Respondent argues the Petition should be dismissed because it is barred by the applicable statute of limitations. Because this case was filed after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The "conclusion of direct review" is not the denial of review by the California Supreme Court, but 90 days thereafter, upon the expiration of the time in which to file a petition for a writ of certiorari in the United States Supreme Court. *Tillema v. Long*, 253 F.3d 494, 498 (9th Cir. 2001); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). In this case, the California Supreme Court denied the petition for review on April 30, 2003, (Lodgment No. 7), and Petitioner did not file a petition for writ of certiorari

///
///
///

with the United States Supreme Court.  As a result, the statute of limitations began running on July 29, 2003, and expired on July 30, 2004.[1]  Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time).  However, Petitioner did not deliver the instant Petition for mailing until June 7, 2008, [Doc. 1 at 15], far in excess of the § 2244(d) one-year statute of limitations.  *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001) (stating a *pro se* prisoner's federal habeas petition is deemed filed when prisoner delivers to prison authorities for mailing), *vacated and remanded on other grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002).

Accordingly, the Petition is time-barred.  The time bar precludes this Court's review of the merits of the habeas corpus petition unless the statute of limitations is subject to statutory or equitable tolling.  As discussed below, although the Petition qualifies for some statutory tolling, it is insufficient to render the Petition timely.  The Petition does not qualify for equitable tolling.

**A.    Statutory Tolling**

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  22 U.S.C. § 2244(d)(2).  A petition for habeas corpus is considered pending "while a California Petitioner completes a full round of state collateral review."  *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003) (*per curiam*).  However, a petitioner is entitled to statutory tolling for a complete round of state collateral review only if petitioner filed his or her state court habeas petition within a "reasonable time" between a lower state court's denial of the habeas petition and the filing of a habeas petition in a higher state court.  *Evans v. Chavis*, 546 U.S. 189, 193 (2006).  Once AEDPA's one-year period has expired, the filing of a state habeas petition does not revive the limitations period.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *see also Rashid v. Kuhlman*, 991 F.Supp.

///

---

[1] None of the exceptions for a later start date for the statute of limitations period, as provided by 28 U.S.C. § 2244(d)(1)(B)-(D), are applicable to this Petition.  To the extent Petitioner raises arguments that appear to reference *Blakely v. Washington*, 542 U.S. 296 (2004), or *Cunningham v. California*, 549 U.S. 270 (2007), which were decided after his conviction became final, the Ninth Circuit has held that *Blakely* does not apply retroactively to cases on collateral review in a 28 U.S.C. § 2254 habeas action. *See Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005).  Nor can Petitioner rely on *Cunningham*, which the Ninth Circuit held "did not announce a new rule of constitutional law."  *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008).

254, 259 (S.D. N.Y. 1998) (stating "[o]nce the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations").

On December 10, 2003, 133 days after the one-year limitation period started to run on July 29, 2003, Petitioner filed his first state habeas petition in Superior Court. (Opposition, Exhibit A.) The Superior Court denied the petition on January 8, 2004. (*Id*.) Petitioner then waited 297 days after the denial of his petition by the Superior Court to file his next state habeas petition in the California Court of Appeal on November 1, 2004. (Lodgment No. 8.) Based upon the United States Supreme Court's decision in *Evans v. Chavis*, the Court finds this unexplained, unjustified 297-day delay unreasonable under California law.

In the absence of a clear direction or explanation from the California Supreme Court as to what constitutes a "reasonable time" (or the legislative enactment of a determinate time limit), federal courts must conduct a case-by-case determination of whether the subject filing delay "was made within what California would consider a 'reasonable time.'" *Evans*, 546 U.S. at 198-99. In *Evans*, the petitioner waited six months between the denial of his state habeas petition in the California Court of Appeal and the filing of a state habeas petition in the California Supreme Court. *Id*. at 201. The Supreme Court noted that six months is far longer than the short periods of time, 30 to 60 days, that most States provide for filing an appeal to the state supreme court, as well as being longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court. *Id*. The Supreme Court assumed "that California law ... did not differ significantly from the laws of other States, *i.e.*, that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules." *Id*. at 199-200. As a result, the Supreme Court held the petition to be untimely because it "found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay 'reasonable.'" *Id*. at 201.

Here, Petitioner waited approximately 9 1/2 months before he filed his state habeas petition in the California Court of Appeal. Petitioner has offered no explanation or justification for this delay. Accordingly, Petitioner is not entitled to statutory tolling for this period because the Court finds the delay to be unreasonable under California law. Combining the 297 days with the previous 133 days of

untolled time, 430 days of untolled time passed before Petitioner's state habeas petition was filed in the California Court of Appeal on November 1, 2004. Even if Petitioner were credited 60 days of tolling during the period between the denial of his Superior Court petition and the filing of his petition in the Court of Appeal, the limitations period would still have expired on October 25, 2004, six days before the filing of his petition in the California Court of Appeal. Thus, by the time Petitioner filed his state habeas petition in the California Court of Appeal on November 1, 2004, AEDPA's limitation period had already expired by six days.

Furthermore, assuming *arguendo* the 9 1/2 month delay was reasonable and Petitioner is entitled to statutory tolling for the entire period between the filing of his state habeas petition in Superior Court on December 10, 2003 and the denial of his state habeas petition by the California Supreme Court on March 15, 2006, the instant federal Petition is still untimely. Pursuant to Rule 8.53(b)(2) of the California Rules of Court, the order of the California Supreme Court became final immediately upon filing on March 15, 2006. Petitioner next sought state collateral relief on February 28, 2007, when he filed a state habeas petition in Superior Court.[2] (Lodgment No. 12.) Thus, between March 16, 2006 and February 28, 2007, an additional 348 days of untolled time lapsed. *See Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (recognizing that because a petitioner's first round of collateral review is complete when the state supreme court's denial becomes final, a petitioner is not entitled to statutory tolling of the time before he begins a second round of petitions). Combined with the previous 133 days of untolled time, by the time Petitioner commenced a second round of collateral relief in Superior Court on February 28, 2007, 481 days of untolled time had passed, well in excess of AEDPA's one-year limitation period.

In sum, based upon this Court's determination that the delay between the denial of his first state habeas petition on January 8, 2004, and the filing of his second state habeas petition in the California Court of Appeal on November 1, 2004, was unreasonable, AEDPA's one-year limitation period would have ended on October 25, 2004. Assuming *arguendo* the delay was not unreasonable, the limitation period would have ended on November 2, 2006. The instant Petition was filed on June 7, 2008.

---

[2] On April 27, 2006, Petitioner filed a federal habeas petition in a separate case, which was dismissed without prejudice on May 11, 2006. However, Petitioner is not entitled to statutory tolling for this period because the statute of limitations is only tolled while a properly filed *state* habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2). The filing of a *federal* habeas petition does not toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Accordingly, although Petitioner is entitled to some statutory tolling, it is insufficient to render the Petition timely.

### B.  Equitable Tolling

Equitable tolling of the AEDPA statute is only appropriate when there are "'extraordinary circumstances' beyond the prisoner's control that made it impossible to file a petition on time." *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (citations omitted). "External forces," not a petitioner's "lack of diligence" must account for his failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (applying equitable tolling where prison officials delayed mailing petition and filing fee); *see also Lott v. Mueller*, 304 F.3d 918, 922-26 (9th Cir. 2002) (holding that a prisoner was entitled to equitable tolling if he was denied access to his legal files for 82 days, and remanding for a factual determination of whether petitioner's allegation to that effect was true). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations omitted). The burden is on the petitioner to demonstrate equitable tolling is appropriate. *Id*.

Here, Petitioner has not asserted any basis for equitable tolling of the limitations period. Nor is there any evidence of conduct by the State or by Respondent which impeded Petitioner's ability to file his federal petition in a timely manner. Therefore, equitable tolling of the limitations period is not appropriate in this case.

### IV.  CONCLUSION

Having reviewed the matter, the undersigned Magistrate Judge recommends Respondent's motion be **GRANTED** and the Petition be **DISMISSED WITH PREJUDICE** for violating the limitations period of 28 U.S.C. § 2244(d). This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **December 13, 2008**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

///

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within **10 days** of being served with the objections.

**IT IS SO ORDERED**.

DATED: November 13, 2008

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge