FILED
JUN 15 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY      CP          DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOSEVELT MARSH III., <br><br> Petitioner, <br><br> vs. <br><br> V.M. ALMAGER, Warden <br><br> Respondent. | CASE NO. 08-CV-1067 W (CAB) <br><br> ORDER (1) ADOPTING REPORT AND RECOMMENDATION (DOC. NO. 13) AND (2) GRANTING MOTION TO DISMISS (DOC. NO. 10) |

Petitioner Roosevelt Marsh III ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). On October 14, 2008, Respondent V.M. Almager ("Respondent") filed a Motion to Dismiss. On November 7, 2008, Petitioner filed his opposition. On November 13, 2008, United States Magistrate Judge Cathy Ann Bencivengo issued a Report and Recommendation ("Report"), recommending that this Court grant the motion. On December 12, 2008, Petitioner filed his objection to the Report.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the reasons outlined below, the Court **ADOPTS**

the Report (Doc. No. 13), **GRANTS** the motion (Doc. No. 10) and **DISMISSES** the Petition **WITH PREJUDICE.**

I.  BACKGROUND

Petitioner did not object to the following factual summary taken from the Report.

On November 14, 2001, a jury convicted Petitioner of assault, in violation of California Penal Code § 245(a)(1), with a further finding that Petitioner inflicted great bodily injury on the victim, within the meaning of Penal Code § 12022.7(a). Petitioner admitted to a previous strike, a serious felony prior, and a prison prior. Petitioner was sentenced to sixteen years in state prison.

Petitioner appealed. On January 22, 2003, the California Court of Appeal denied his appeal, and on April 30, 2003, the California Supreme Court denied his petition for review.

On December 10, 2003, Petitioner filed a habeas petition in the San Diego Superior Court that was denied on January 8, 2004. On November 1, 2004, Petitioner filed a petition in the California Court of Appeal, which was denied on December 7, 2004. On January 5, 2005, Petitioner attempted to file a petition in the California Supreme Court, but it was rejected due to lack of an original signature. The petition was presumably re-filed at a later date and summarily denied on March 15, 2006.

On April 27, 2006, Petitioner filed a federal habeas petition, which was dismissed without prejudice on May 11, 2006. See Marsh v. Giurbino, S.D. Cal. Civil Case No. 06cv961 WQH (LSP).

On February 28, 2007, Petitioner commenced a second round of state collateral review in the San Diego Superior Court. On April 19, 2007, the petition was denied. On May 10, 2007, Petitioner filed a petition in the court of appeal, which was denied on July 31, 2007. On August 26, 2007, Petitioner filed a petition in the California Supreme Court that was denied on March 12, 2008.

On June 7, 2008, Petitioner commenced this habeas proceeding. On October 14, 2008, the government filed a motion to dismiss, arguing that the Petition is time bared. On November 13, 2008, Judge Bencivengo issued the Report recommending that the Court grant the motion. The Report found that the Petition is time barred as it far exceeded the one-year statute of limitation provided by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. 2254 ("AEDPA"), and it did not qualify for a sufficient amount of statutory or equitable tolling to render it timely.

On December 12, 2008, Petitioner filed his objection to the Report. Petitioner argues that the Petition is timely because the Report incorrectly determined the amount of tolling warranted. Petitioner also seems to argue that his claim based on Cunningham v. California, 549 U.S. 270 (2007), is timely because the second round of state habeas petitions began on February 28, 2007, which was within one year of that decision.

## II. LEGAL STANDARD

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court "must make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Raddatz, 447 U.S. 667, 676 (1980).

## III. DISCUSSION

Having read and considered the Petition, the Report, and Petitioner's objections thereto, the Court finds the Report presents a well-reasoned analysis of the issues. The Court therefore concludes that the Petition is time barred.

### A.    Petitioner is not entitled to 297 days of equitable tolling.

The Petition is governed by the provisions of AEDPA. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). AEDPA imposes a one-year statute of limitations for a state prisoner filing a federal-habeas petition. 28 U.S.C. §2244(d)(1). Petitioner does not object to the Report's conclusion that the one-year limitation period began to run on April 30, 2003.

The Report found, however, that the Petition is untimely because Petitioner allowed 297 days to elapse between the Superior Court's denial of his first state habeas petition and the subsequent filing of the petition with the appellate court. The Report relied on Evans v. Chavis, 546 U.S. 189 (1996), wherein the United States Supreme Court found a six-month "unjustified" and "unexplained" delay unreasonable. Petitioner objects, arguing that under the circumstances, his delay was not unreasonable.

The one-year limitation period is subject to statutory tolling for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 22 U.S.C. § 2244(d)(2). A petition for habeas corpus is considered pending "while a California Petitioner completes a full round of state collateral review." Delhomme v. Ramirez, 340 F.3d 817, 819 (9th Cir. 2003) (per curiam). However, a petitioner is entitled to statutory tolling for a complete round of state collateral review only if the habeas petitions are filed within a "reasonable time" between the lower court's denial of the petition and the filing of the petition in the higher state court. Evans, 546 U.S. at 193.

Here, Petitioner contends that the 297-day delay was due to the Superior Court's alleged failure to respond to Petitioner's motion for a copy of his original writ, which Petitioner alleges was needed to help him prepare the state appellate court petition. The Court is not persuaded.

As an initial matter, despite the Superior Court's denial of Petitioner's initial habeas petition on January 8, 2004, he waited until May 30, 2004 (142 days) to request a copy of the petition. Petitioner fails to explain the delay. Moreover, it is clear that

1 | Petitioner did not need a copy of the initial petition in order to prepare the appellate
2 | court petition, given that he was able to prepare the initial petition from scratch. For
3 | these reasons, the Court finds Petitioner's 297-day delay unreasonable and thus he is not
4 | entitled to statutory tolling.

Nor is Petitioner entitled to equitable tolling for the 297 days. AEDPA's one-year limitations period is subject to equitable tolling only when "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001)(citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)).

Here, Petitioner's 142-day delay in requesting a copy of his initial petition demonstrates a lack of diligence. And given Petitioner's ability to prepare the initial petition without an exemplar, it is clear that the superior court's alleged failure to respond to Petitioner's motion for a copy did not make it "impossible" to file the appellate court petition. Accordingly, Petitioner is not entitled to equitable tolling.

### B. Assuming Petitioner is entitled to 297 days of tolling, the Petition remains time barred.

The Report alternatively found that even if Petitioner was entitled to tolling for the entire 297-day period, the Petition is nevertheless time barred.

As explained in the Report, the California Supreme Court summarily denied Petitioner's habeas petition on March 15, 2006. 348 days later, on February 28, 2007, Petitioner initiated a second round of state collateral relief. This 348-day period was not tolled. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (petitioner not entitled to statutory tolling for time before he begins a second round of state petitions). Accordingly, "[c]ombined with the previous 133 days of untolled time [before Petitioner

filed his first state habeas petition],by the time Petitioner commenced a second round of collateral relief in Superior Court on February 28, 2007, 481 days of untolled time had passed, well in excess of AEDPA's one-year limitation period." (*Report*, 6:18–20.) For this additional reason, the Court finds the Petition is time barred.

C. <u>Petitioner is not entitled to a new statute of limitations.</u>

Although not entirely clear, Petitioner seems to argue that under 28 U.S.C §2244(d)(1)(C), the statute of limitations did not begin to run on Petitioner's sentencing claim until <u>Cunningham</u> was decided. Petitioner is wrong.

Section 2244(d)(1)(C) provides that the one-year period shall not run until "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." <u>Cunningham</u> "did not announce a new rule of constitutional law." <u>Butler v. Curry</u>, 528 F.2d 624, 639 (9th Cir. 2008). Because <u>Cunningham</u> did not announce the constitutional right upon which Petitioner's claim is based, subsection (d)(1)(C) does not apply.

IV. <u>CONCLUSION AND ORDER</u>

In light of the foregoing, the Court **ADOPTS** the Report (Doc. No. 13), **GRANTS** Respondent's motion (Doc. No. 10) and **DISMISSES** the Petition with prejudice.

IT IS SO ORDERED.

DATE: June 15, 2009

HON. THOMAS J. WHELAN
United States District Court
Southern District of California

08cv1067w