1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   ROOSEVELT MARSH III.,                CASE NO. 08-CV-1067 W (CAB)

12                        Petitioner,     **ORDER DENYING REQUEST
                                          FOR CERTIFICATE
13                                        OF APPEALABILITY**
           v.
14
15   V.M. ALMAGER, Warden,

16                        Respondent.

17

18          Petitioner Roosevelt Marsh III ("Petitioner"), a state prisoner proceeding *pro se*,

19   filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition").

20   On October 14, 2008, Respondent V.M. Almager ("Respondent") filed a Motion to

21   Dismiss.  On November 7, 2008, Petitioner filed his opposition.  On November 13,

22   2008, United States Magistrate Judge Cathy Ann Bencivengo issued a Report and

23   Recommendation ("Report"), recommending that this Court grant the motion.  On

24   December 12, 2008, Petitioner filed his objection to the Report.  By order dated June

25   15, 2009, this Court adopted the Report and granted Respondent's Motion to Dismiss

26   with prejudice. Petitioner now requests a Certificate of Appealability ("COA").  For the

27   reasons discussed below, the Court **DENIES** Petitioner's COA request.

28

1    I.      BACKGROUND

2          The following factual background is taken from this Court's order, dated June 15,

3    2009, adopting Magistrate Judge Bencivengo's Report, granting the motion to dismiss,

4    and denying Petitioner's request for relief.  (See Doc. No. 15 [the "Order"].)

5          On November 14, 2001, a jury convicted Petitioner of assault, in violation of

6    California Penal Code § 245(a)(1), with a further finding that Petitioner inflicted great

7    bodily injury on the victim, within the meaning of Penal Code § 12022.7(a).  Petitioner

8    admitted to a previous strike, a serious felony prior, and a prison prior.  Petitioner was

9    sentenced to sixteen years in state prison.

10         Petitioner appealed.  On January 22, 2003, the California Court of Appeal denied

11   his appeal, and on April 30, 2003, the California Supreme Court denied his petition for

12   review.

13         On December 10, 2003, Petitioner filed a habeas petition in the San Diego

14   Superior Court that was denied on January 8, 2004.  On November 1, 2004, Petitioner

15   filed a petition in the California Court of Appeal, which was denied on December 7,

16   2004.  On January 5, 2005, Petitioner attempted to file a petition in the California

17   Supreme Court, but it was rejected due to lack of an original signature.  The petition

18   was presumably re-filed at a later date and summarily denied on March 15, 2006.

19         On April 27, 2006, Petitioner filed a federal habeas petition, which was dismissed

20   without prejudice on May 11, 2006.  See Marsh v. Giurbino, S.D. Cal. Civil Case No.

21   06cv961 WQH (LSP).

22         On February 28, 2007, Petitioner commenced a second round of state collateral

23   review in the San Diego Superior Court.  On April 19, 2007, the petition was denied.

24   On May 10, 2007, Petitioner filed a petition in the court of appeal, which was denied

25   on July 31, 2007.  On August 26, 2007, Petitioner filed a petition in the California

26   Supreme Court that was denied on March 12, 2008.

27         On June 7, 2008, Petitioner commenced his second federal habeas proceeding.

28   On October 14, 2008, the government filed a motion to dismiss, arguing that the

1  Petition was time barred.  On November 13, 2008, Judge Bencivengo issued the Report
2  recommending that the Court grant the motion.  The Report found that the Petition
3  was time barred as it far exceeded the one-year statute of limitations provided by the
4  Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254 ("AEDPA"), and it
5  did not qualify for a sufficient amount of statutory or equitable tolling to render it
6  timely.

7         On December 12, 2008, Petitioner filed his objection to the Report.  Petitioner
8  argued that the Petition was timely because the Report incorrectly determined the
9  amount of tolling warranted.  Petitioner also seemed to argue that his claim based on
10  Cunningham v. California, 549 U.S. 270 (2007), was timely because the second round
11  of state habeas petitions began on February 28, 2007, which was within one year of that
12  decision.

13         On June 15, 2009, this Court issued the Order denying the Petition.  (See Doc.
14  No. 15.)  In the Order, the Court declined to apply both statutory and equitable tolling
15  to the 297 days elapsed between the Superior Court's denial of Petitioner's first state
16  habeas petition and the subsequent filing of the petition with the appellate court.
17  Furthermore, the Court held that even if the 297 days of tolling was applied, the
18  Petition was still time barred.  Finally, the Court denied Petitioner's argument for a new
19  statute of limitations, because Cunningham did not represent a "newly recognized"
20  constitutional right as required by the AEDPA.  See 28 U.S.C. § 2244(d)(1)(C).

21         On July 20, 2009, Petitioner filed his request for COA.  For the following reasons,
22  the Court denies the request.

23

24  **II.    LEGAL STANDARD FOR CERTIFICATE OF APPEALABILITY**

25         Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No.
26  104-132, 110 State. 1214 (1996) ("AEDPA"), a state prisoner may not appeal the denial
27  of a section 2254 habeas petition unless he obtains a COA from a district or circuit
28  judge.  28 U.S.C. § 2253 (c)(1)(A); see also United States v. Asrar, 116 F.3d 1268,

1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under the AEDPA).

In deciding whether to grant a COA, a court must either indicate the specific issues supporting a certificate or state reasons why a certificate is not warranted.  <u>Id.</u> at 1270.  A court may issue a COA only if the applicant has made a "substantial showing" of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  This requirement means that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy section 2253 (c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong ... When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, *a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.*

<u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (emphasis added).

## III.   DISCUSSION

In seeking a COA, Petitioner challenges the Court's dismissal of the Petition on the ground that reasonable jurists may disagree with this Court's interpretation of <u>Cunningham</u>, thereby finding the constitutional issues raised by Petitioner adequate for further review.  (<u>See</u> Doc. No. 18.)  Specifically, Petitioner urges that <u>Cunningham</u> "did not announce a new rule of constitutional law and may be applied retroactively on collateral review."  <u>Butler v. Curry</u>, 528 F.3d 624, 639 (2008).  Thus, by Petitioner's argument, <u>Cunningham</u> should have been retroactively applied to his petition for habeas relief, and this Court's alleged failure to do so was arguably "debatable or wrong."  <u>See</u> <u>Slack</u>, 529 U.S. at 484.

Yet, Petitioner's argument fails to recognize a critical point: the Court ordered dismissal because the Petition was time barred.   Time barring is a procedural ground for dismissal, not an adjudication on the merits.   In fact, the Court's only discussion of

1  Cunningham related to Petitioner's statute of limitations, not its retroactive application

2  to Petitioner's substantive claims.

3      Because Petitioner was denied habeas relief on procedural grounds, the two-part

4  test established in Slack applies.  A COA is warranted if the petitioner shows that

5  "jurists of reason would find it debatable whether the petition states a valid claim of the

6  denial of a constitutional right *and* that jurists of reason would find it debatable whether

7  the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis

8  added).  The test has two components which *must* be satisfied: "one directed at the

9  underlying constitutional claims and one directed at the district court's procedural

10 holding." Id. at 484-85.  Thus, a court may dispose of a COA application if the

11 petitioner fails to make either showing. Id. at 485.  Indeed, "[w]here a plain procedural

12 bar is present and the district court is correct to invoke it to dispose of the case, a

13 reasonable jurist could not conclude either that the district court erred in dismissing the

14 petition or that the petitioner should be allowed to proceed further." Id. at 484.

15     Here, the Court properly held, and no reasonable jurist would find it debatable,

16 that Petitioner's habeas claim was procedurally defective because it was not timely filed.

17 Therefore, the COA must be denied.

18

19 **A.      Statutory and Equitable Tolling**

20     Despite Petitioner's failure to attack the procedural determination of the  Order

21 in his application for COA, the Court will nevertheless review its holding to verify that

22 the test of Slack is satisfied.  Id.

23     The AEDPA provides:

24          A 1-year period of limitation shall apply to an application for a writ of
            habeas corpus by a person in custody pursuant to the judgment of a
25          State court. The limitation period shall run from the latest of--
            (A) the date on which the judgment became final by the conclusion
26          of direct review or the expiration of the time for seeking such review;
            (B) the date on which the impediment to filing an application created
27          by State action in violation of the Constitution or laws of the United
            States is removed, if the applicant was prevented from filing by such
28          State action;
            (C) the date on which the constitutional right asserted was initially
            recognized by the  Supreme  Court, if  the  right  has  been  newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner's limitation period began July 29, 2003[1], and his Petition was filed in federal court June 7, 2008. The one-year limitation period is subject to statutory tolling for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A petition for habeas corpus is considered pending "'while a California petitioner completes a full round of state collateral review.'" Waldrip v. Hall, 548 F.3d 729, 734 (9th Cir. 2008) (quoting Delhomme v. Ramirez, 340 F.3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip, 548 F.3d at 733). However, a petitioner is entitled to statutory tolling for a complete round of state collateral review only if the habeas petitions are filed within a "reasonable time" between the lower court's denial of the petition and the filing of the petition in the higher state court. Evans v. Chavis, 546 U.S. 189, 193 (1996).

In its Order, this Court held that Petitioner's statute of limitations was not tolled during the 297 days between the Superior Court's denial of his first state habeas petition and the subsequent filing of the petition with the appellate court. Petitioner argued that the 297-day delay was due to the Superior Court's failure to respond to Petitioner's motion for a copy of his original writ. The Court, however, found the argument unpersuasive. Petitioner failed to account for his initial delay (142 days) in requesting the copy of his original writ, and provided no reasonable explanation for his inability to prepare the appellate petition without the original writ. In Evans, the Supreme Court "found no authority suggesting, nor found any

---

[1] In its Order, this Court mistakenly stated April 30, 2003, as the commencement of Petitioner's statute of limitations. (See Doc. 15.) The error, however, was harmless, because the Court's calculation of the amount of time elapsed before Petitioner filed his first state habeas was based on the correct date, July 29, 2003.

convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay 'reasonable.'" Id. at 201. Consequently, this Court continues to find no persuasive argument for applying statutory tolling to 9 ½ months of unjustified and unexplained delay on Petitioner's part. Based on the clear guidance provided by the Supreme Court in Evans, no reasonable jurist would debate the correctness of this ruling. Id.; Slack, 529 U.S. at 484; see also Waldrip, 548 F.3d at 731("[A] time gap in excess of six months was too long, absent sufficient justification based on unique facts pertaining to the individual.").

Nor does the Court find room for debate in its denial of equitable tolling for the same period. Equitable tolling of the statute of limitations is permitted when "extraordinary circumstances" beyond the petitioner's control make it impossible for him to file his petition on time. Calderon v. U.S. Dist. Ct., 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds by Calderon v. U.S. Dist. Ct., 163 F.3d 530 (9th Cir. 1997). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate." Lott v. Mueller, 304 F. 3d 918, 922 (9th Cir. 2002) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)).

Based on Petitioner's failure to provide an argument to the contrary, the Court continues to find a lack of diligence in his 142-day delay in requesting a copy of the original writ. Furthermore, Petitioner's ability to prepare his initial state petition without an exemplar reinforces the fact that the lack of an original writ did not make it "impossible" to file an appellate court petition. Again, no jurist of reason would debate the Court's findings on this matter.

**B.    Time Barring**

The Order alternatively found that, even if Petitioner was entitled to tolling for the entire 297-day period, the Petition nevertheless remained time barred. Petitioner filed his first state petition 133 days after the statute of limitations commenced on July 29, 2003. Additionally, Petitioner waited 348 days after the California Supreme Court

1   summarily denied his first state petition to commence his second round of state

2   collateral relief.  This 348-day period was not tolled.  See Biggs v. Duncan, 339 F.3d

3   1045, 1048 (9th Cir. 2003) (petitioner not entitled to statutory tolling for time before

4   he beings a second round of state petitions).  Combining the two periods yields a period

5   of 481 days of untolled time—well in excess of the AEDPA's one-year limitation period.

6   See 28 U.S.C. § 2244(d)(1).  The Court's holding on this ground reflects mathematical

7   truth and is undebatable, even by a jurist of exceptional reason.

8

9   **C.    New Statute of Limitations**

10      The Court's final holding in the Order related to the effect of Cunningham on

11  the limitation period for Petitioner's request for habeas relief.  Petitioner appeared to

12  argue that under 28 U.S.C. § 2244(d)(1)(C) the statute of limitations did not begin to

13  run on Petitioner's sentencing claim until Cunningham was decided.

14      Section 2244(d)(1)(C) provides that the one-year period shall not run until "the

15  date on which the constitutional right asserted was initially recognized by the Supreme

16  Court, if the right has been newly recognized by the Supreme Court and made

17  retroactively applicable to cases on collateral review."  Yet, Cunningham "did not

18  announce a new rule of constitutional law." Butler, 528 F.3d at 639.  As such, the court

19  in Butler held that Cunningham "may be retroactively applied on collateral review." Id.

20  Nevertheless, the requirement of Section 2244(d)(1)(C) is conjunctive, requiring both

21  a "newly recognized" right and retroactivity.  This burden clearly cannot be met.  Thus,

22  no reasonable jurist would debate the Court's denial of a new statute of limitations for

23  Petitioner's request.

24      For these reasons, the Court properly determined that Petitioner's habeas claim

25  was untimely.  No reasonable jurist could conclude otherwise.  Slack, 529 U.S. at 484.

26  A "plain procedural bar" was present, requiring the dismissal of Petitioner's habeas.  Id.

27  Consequently, "a reasonable jurist could not conclude either that the [Court] erred in

28  dismissing the petition or that the petitioner should be allowed to proceed further." Id.

## IV.   CONCLUSION AND ORDER

In light of the foregoing, the Court **DENIES** Petitioner's COA request.  The case shall remain closed.

**IT IS SO ORDERED**.

DATED:  August 28, 2009

_____
Hon. Thomas J. Whelan
United States District Judge

CC:    ALL PARTIES

08cv1067W